**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAN LAFFERTY, | No. 10-35688 |
| Plaintiff - Appellee, | DC No. 6-08 cv 6318 TC |
| v. | MEMORANDUM[*] |
| PROVIDENCE HEALTH PLANS; EUGENE FREEZING AND STORAGE GROUP HEALTH PLAN, | |
| Defendants - Appellants. | |

Appeals from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Argued and Submitted May 2, 2011
Portland, Oregon

Before:     TASHIMA, BEA, and IKUTA, Circuit Judges.

Defendant-Appellant Providence Health Plans ("Providence") appeals from

the district court's grant of judgment in favor of Plaintiff-Appellee Joan Lafferty.

Lafferty filed suit under the Employee Retirement Income Security Act of 1974, as

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

amended ("ERISA"), 29 U.S.C. §§ 1001-1461, after Providence refused to pay for the treatment of Lafferty's rare, malignant brain tumor. Lafferty requested pre-authorization for Interarterial chemotherapy with blood brain barrier disruption ("BBBD"). Providence denied coverage because the sought BBBD treatment was "experimental/investigational." We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

Where, as here, the district court tries a case on a written record, we will not disturb its findings of fact unless clearly erroneous. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 n.6 (9th Cir. 1999) (en banc) (citing Fed. R. Civ. P. 52(a)). We review conclusions of law de novo. *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1067 (9th Cir. 2008). We also review de novo a district court's choice and application of the standard of review to an ERISA plan administrator's decision. *Abatie v. Alta Health & Life Ins. Co*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc).

1.      The district court erred by reviewing de novo Providence's decision to deny coverage. It should have reviewed for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The exception to deferential review of the decisions of plan administrators does not apply in this case. *See Abatie*, 458 F.3d at 971. Although there are some troubling aspects to

2

Providence's review of Lafferty's initial grievance and subsequent appeals, these do not amount to the "wholesale and flagrant disregard of ERISA procedural requirements" that the *Abatie* court identified as a failure to exercise discretion, warranting de novo review. *Id.* at 971–72. Because we conclude that this case does not fall in the "rare class of cases" controlled by the *Abatie* exception to deferential review, we decline to reach the question of whether *Conkright v. Frommert*, 130 S. Ct. 1640 (2010), abrogates *Abatie*.

      **2.** Providence did not abuse its discretion in refusing to pay for Lafferty's treatment. We may not disturb the plan administrator's decision if it is reasonable. *Salomaa v. Honda Long Term Disability Plan*, No. 08-55426, 2011 WL 2040934, at \*7 (9th Cir. May 26, 2011). "Reasonableness does not mean that we would make the same decision." *Id.* at \*8. Rather, to determine whether there has been an abuse of discretion, the court must

> consider whether application of a correct legal standard was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." That standard makes sense in the ERISA context, so we apply it, with the qualification that a higher degree of skepticism is appropriate where the administrator has a conflict of interest.

*Id.* (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). We do not discern implausibility or the absence of logic in Providence's

3

decision to deny coverage. Moreover, Providence's conclusion that Lafferty's treatment was experimental, and therefore not covered, is supported by facts in the record. In addition, because Lafferty did not indicate, at any time before filing suit, that, in the alternative, she was requesting coverage for interarterial chemotherapy without BBBD, it was reasonable for Providence not to authorize such alternative coverage.

We therefore conclude that, even factoring in the irregularities in Providence's review process, its decision to deny coverage was not unreasonable. Accordingly, the judgment of the district court is

**REVERSED.**